United States District Court
for the ~~District of Columbia Florida~~
~~Northern middle~~ OHIO
~~Orlando Division~~

4:14 CV 1639. Judge Adams

Spence Taylor
1150 15th St, NW
Washington, DC 20071;

John Doe, "The Man in the House",
Maryland (see cover story of 6/29/14
at washingtonpost.com)
1150 15th St., NW
Washington DC 20071;

Civil Action No. ~~6:14-cv-1127-orl-28-6JK~~

~~Chief Judge: G. Kendall Sharp~~

Frederick Banks www.cdbaby.com/artist/vampirenation
05711-068, NEOCC
2240 Hubbard Road
Youngstown, OH 44505, Plaintiff's,
v.

JURY TRIAL DEMANDED

Booz Allen Hamilton; Lennert Leader
Raj De, NSA general counsel; James R. Clapper, Jr. Director of National Intelligence;
Keith Alexander, former NSA Director; Robert S. Litt, general counsel.

National Security Agency;
9800 Savage Road
Ft. Meade, MD 20755

Director, Privacy and Civil Liberties
Oversight Board
2100 K Street NW, Suite 500
Washington, DC 20427

Jim Brennan, Director,
Central Intelligence Agency;
Dictorate CIA Office of Science &
Technology; Central Intelligence
Agency, Washington DC 20505

Saxby Chambliss, US Senate Intelligence
Committee; House Intelligence Committee
Department of State; Michael Pugh, warden

Defendant's
---------------
Electronic Privacy Information Center; Javon
Jamar Williams; Todd Giffen; Brud Rossman;
Cedric Maurice Wilson; Faraud K. Muhammad;
John E. Moore; James R. Walbert; Antonio
Ransom; Daniel Lee Moore
Interested Parties/Movant's

Amended Petition for a Writ of Habeas Corpus 28 USC § 2241;
Motion for Reconsideration of Order of Transfer (Doc 3); Notice of Appeal; and
Brief of Appellant, AND Complaint and Writ of Mandamus

Plaintiff Frederick Banks ("Banks") moves the court to reconsider as the court erred as a matter of law and fact the custodian on these allegations is the CIA and the NSA Pugh is the custodian for a separate criminal matter the CIA and NSA collected data and sent wireless transmissions against plaintiff in the middle District of Florida and maintain assets that are operating against Banks in Orlando thus Venue is proper in this district. Banks notifies the Court that he appeals the order of transfer dated 7/24/14 to the Court of Appeals for the 11th circuit and files this Amended petition and Complaint and Brief of Appellant. Pursuant to the above the Court erred in transferring the case the Court of Appeals should remand and reverse/vacate that order. This Court should also sua sponte consider the additional complaint allegations herein.

## COMPLAINT; AND FOR A WRIT OF MANDAMUS

Plaintiff's represent for their complaint as follows;

1. Allen, Litt, Brennan, Dictorate and the other named Defendant's presonally participated and engaged in a civil conspiracy to collect intelligence on the named Plaintiff's and others without their knowledge, consent and without probable cause and without a warrant as requirted by law since they are all american citizens
2. Defendant's used along with their agents technologies such as Upstream, PRISM and over 1,000,000 Wireless signal transmissions, SIGINT/Signals Intelligence, bio-electric sensors, and sub aural communications which amoung other things extracted content and the property of Plaintiff's stored in their accounts at Yahoo, Microsoft, Facebook, Google, and other Internet companies and intercepted data on the move as it crossed the U.S. junctions of global voice and data networks.
3. Non of the Intelligence collected was relevant to any previous or ongoing investigation and Allen and the others only made Plaintiff's targets to maliciously injure, damage their reputations and harass them for various reasons including their litigation activities and whistleblowing activities against the federal government.
4. Navy cryptologie technicians refer to this type of intelligence as "non productive surveillance"
5. By law, the NSA and its agents may "target" only foreign nationals located overseas unless it obtains a warrant based on probable cause from a special surveilance court. For collection under PRISM and Upstream rules, analysts must state a reasonable belief that the target has information of value about a foreign government, a terrorist organization or the spread of non conventional weapons. None of that criteria was present with Plaintiff's here and Defendant's specifically knew that the collection of data on them violated the applicable rules and executive orders because no probable cause existed and no warrant was sought under either the Foreign Intelligence Surveillance Act or the National Security Act or any other provision of law.
6. Booz Allen, a contractor at the NSA's Hawaii operation's center, gave agents unusually broad, unescorted access to raw SIGINT under a special 'Dual Authorities' role, a reference to Section 702 for domestic collection and Executive Order 12333 for collection overseas, which those credentials allowed contractors to search stored content and "task" new collection without prior approval of the search terms and in violation of the Privacy Act 5 USC 552a and in an unprecedented manner not seen before in the history of modern Surveillance and data collection. The allegations here were in violation of the First Amendment Right to Privacy, Fourth and Fifth Amendment, Invasion of Privacy, Nuisance, Slander, Intentional Infliction of Emotional Distress, The Northwest Ordinance utmost good faith clause, and the Sioux Treaty of Fort Laramie 1868, 15 Stat 635 (1868) (Banks is an American Indian and member of the Sioux Nation and tribal official thus the Indian Canon of Construction must be applied to this case of County of Yakima v. Yakima Tribe and Band of Indians ___US___ (   )(all rules, regulations, statutes, and constitutional provisions liberally construed in an Indians favor) and applied to the utmost good faith clause of the Northwest Ordinance(the utmost goodfaith clause survied the implimentation of the US Constitution because the Constitution which arguably supreceded it did not cover that clause which related to the property rights of American Indians and states that good faith to Indians will always be reserved and in their property rights they will always be secure.) and the Sioux treaty badmen provision. Defendant's acted as "bad men" under the treaty and were at the time they acted were subject to the authority of the United States. Under the Sioux

Plaintiff's move to recover \$10,000 under the little Tucker Act,[1] move for damages against Defendant's exceeding $1 in an amount to be decided by a Jury and move for punative damages on the Jury award in triple to the amount of the award along with an order enjoining and delaring Defendant's to cease and desist immediately surveilance and data collection and wireless communications/collection with Plaintiff's and to provide under the FOIA and Privacy Act's all records relating to the collection of data on the Plaintiff's. (Banks filed FOIA/PA requests with the NSA an CIA via e-mail and by letter neithr agency responded to his requests.)

7. Plaintiff's were damaged all of the defendant's actions were willful, knowing, intentional, malicious, intelligent, purposeful and illegitimate. John Doe lost his home and was seperated from his children and wife due to the actions of the defendant's. Taylor and Banks lost their jobs and Banks was imprisoned for 14 months in prison and 6 months in a halfway house and is awaiting a discharge due to Defendant's unlawful data collection activities.

8. Plaintiff's move the Court for leave to Amend the Complaint should amendment be neccessary to flush out all their claims. Plaintiff's also move the court for an order refering this matter to the House and Senate Intelligence Committees upon receipt.

WHEREFORE, Judgment should be entered for Plaintiff's and against Defendant's in the amount of $10,000 under the little tucker act, exceeding $1 and punative damages as stated, injunctive and declaratory relief enjoining defendant's from surveilance and data collection on Plaintiff's, and immediate release of all FOIA and PA agency records located in the files of the defendant's and all other requested and warranted relief. *Banks should be discharged from custody. The case should be reversed and remanded the Records detention Motion granted.*

Respectfully submitted,

/s/ Spence Taylor
Spence Taylor

/s/ John Doe
John Doe

/s/ F. Rick Banks
F. Rick Banks

---

[1] Plaintiff's move to have the Foreign Intelligence Surveillance Act, The National Security Act and the related Executive Orders delared unconstitional in full as applied to Plaintiff's in this case and all the NSA and CIA records released because procedures as mentioned were not followed in securing warrants for the Plaintiff targets and as such were without probable cause in violation of the 4th Amendment. The Court is reminded that due to the status of Banks as an American Indian it must in considering this request apply the Indian Canon of Construction which trumps the Chevron doctrine. The Indian canon of /construction provides that because of the trust relationship between the federal government and the tribes statutes "are to be liberally in favor of the Indians," County of Yakima v. Confederated Tribes & Bands of Yakima Indian Nation, 502 U.S. 251, 269 (1992)(quoting Montana v. Blackfeet Tribe, 471 US 759, 766 (1985)). The precise relationship between this canon of construction and the Chevron doctrine has not been resolved. Several circuits, however, have held that when the two principles of deference are in conflict, the Indian canon trumps the Chevron doctrine, requiring deference to the interpretation that is most favorable to the Indians. See Scott C. Hall, The Indian Law Canons of Construction v. The Chevron Doctrine: Congressional Intent and the Umabiguous Answer to the Ambigious Problem, 37 CONN L.

Cobell v. Norton, 240 F.3d 1081, 1101 (DC Cir. 2001) (holding that the Indian canon prevailed over the Chevron doctrine when the two where in conflict).

Banks also submitted a request to the Department of State which failed to perform a search at all and stated that the sought records may exist at the CIA. The State department never bothered to process Bank's FOIA/PA request. Banks moves for an order from the court requiring the Department of State to release all the agency records forthwith.

Furhter all of the Plaintiff's allege a First Amendment Retaliation Claim because of the lawsuits Banks and Taylor filed in this district and across the states in federal courts against the government as stated Defendant's targeted them to collect intelligence without warrant authgorization to do so even though Plaintiff's engaged in constitutionally protected conduct. Defedant's retaliatory actions were sufficient to deter a person of ordinary firmness from exercising their constitutional rights because thousands of data and records were collected on them and over a million wireless signals sent for this purpose as a result of their litigation activities as can be seen there is a casual if not more link between the constitutionally protected right of Plaintiff's to file civil actiopns against the govertnment and the retaliatory actions of the Defendant's. As to the Fourth Amendment Claim Plaintiff's had a reasonable expectation of their privacy on their computers and online accounts at Facebook, Yahoo, Google and such and on their person which was violated by Defendant's conduct. Defendant's engaged in a conspiracy to violate Plaintiff's constitutional rights in contravention of 42 USC 1985 because of Plaintiff's status as Indian, White and Black races and class of poor and middle class individuals which conduct of defendant's was discrimination designed to deprive them of the equal protection of the laws, the acts above where in futherence of the conspiracy and injured the person and property of the Plaintiff's and deprived them of rights as stated and privileges secured to them as citizens of the United States.

A 2255 motion is inadequate and ineffective to challenge the legality of Bank's detention because he is challenging the execution of the sentence.

Defendants data/intelligence collection was in violation of the National Security Act used unlawfully data mining and wireless communications via satellite including Xkeyscore one of the NSA's main query stems.

The defendant agencies and agents of the CIA, NSA and State Department failed to maintain accurate records on the plaintiffs intentionally and willfully and as a result an adverse determination was made, namely to surveil plaintiffs in violation of 5 USC § 552a as a result Privacy Act monetary sanctions are also appropriate.